I would suggest to you that we have potentially a case of first impression in front of us with multiple issues. It appears relatively simple in its pristine form, but we have multiple conceptual hurdles that we have to get through. The issue as presented is whether or not a cross-complaint class action asserted for the first time as such after the passage of the Class Action Fairness Act, CAFA, against the original plaintiff, is subject to the act under the applicability provisions. The chronology is as follows. My client, the appellant, the ultimate cross-claim defendant, cross-complaint defendant, filed a relatively simple $5,000 collection action in State court that was done in December of 2004. Prior to that, Proposition 64 had been passed by the populace of the State of California, significantly changing Section 17200 of the unfair competition law. On February 17, 2005, after the passage of Proposition 64, the defendant, who then became, in essence, under our papers, the counterclaim plaintiff, filed a purported cross-claim against Progressive West. It's very important to understand the nature of what was filed at that point in time. That is, on February 17, 2005, one day before February 18, 2005, the effective date of CAFA. That complaint asserted several individual claims for breach of contract, breach of the covenant of good faith and fair dealing, a declaratory judgment action, and purported to assert a claim under the UCL, i.e., Section 17200. I hope that the panel has looked at that complaint and compared it to the subsequent one we're going to be talking about. But that complaint on the UCL claim asserted an individual cause of action. It then purported to assert on behalf of the general public, and that's the language in the document, on behalf of the general public, a claim under Section 17200. The cross-complaint, then counsel filed a general demur to the cross-complaint. A hearing was held in the State court. The demur was sustained as to the declaratory judgment, and it was overruled as to the other three claims. It was then appealed. At the court of appeals in the State system, the district court was overruled as to the overruling of the demurs on the individual claim for breach of contract and failure to breach of good faith. The court did sustain, the trial court had sustained the demur on the deck action. Getting to the heart of the matter, the appellate court allowed the case to go forward under the UCL. The only issue at that point was whether the individual plaintiff on his individual behalf had standing whether he stated a claim. The court said yes and wrote an opinion. After that, in 2006, the cross-complaint was amended. And it was amended in the Mr. Preciado's counsel would say it was amended to cure deficiencies or to comply with Section 17200, i.e., Proposition 64. That complaint, that cross-complaint for the first time alleged a class action. For the very first time, it says class action. It sets out the components of Section 382. That's the chronology that we have to bob and weave through to get to the issues. Let me go back to the initial filing of the cross-complaint. Yes, sir. February 17th? 17th, yes, sir. And pose two questions about that, the answers of which I think I know, but let me check to make sure. Yes, sir. First, was that action removable at that time by your client based on diversity or anything else other than CAFA? Leave CAFA out of it for the moment. The answer is no, for two reasons, or multiple reasons. Number one, a fair reading of that cross-complaint makes it clear that there is no representative action. Keep in mind that that cross-complaint is filed post-Proposition 64. And it does not comply with Proposition 64. Well, for the moment, I'm leaving CAFA out of it. I'm really asking whether diversity or some other basis might exist. But I want to get to CAFA to raise that question. The answer is no, but I think it's important for me to follow up on that point. Because we briefed aggregation as if the claim in there under the UCLA was vile. But it's very important to my argument to establish it wasn't. That complaint on behalf of the UCLA could not be filed in that form, number one. Number two, there was diversity, but there was no amount in controversy. And the plaintiffs would argue, or the counterclaimant plaintiffs would argue, that it's crystal clear we could remove. I suggest it's beyond our advantage that we could not. We had filed a $5,000 collection action. All they had was an individual action under the UCL. For an unstated amount, we don't even know what the damages would be. There is nothing on the face of that complaint that gives any indication of removability. We would have had the burden of proof then to remove. I cannot believe that we would have sustained it, number one. Number two, in this proceeding where we find ourselves, I believe they have the burden to prove that it was absolutely removable. But it was not. So the answer is no. Even if you give some credibility to the supposed representative action that was filed at that point in time, which I suggest you cannot, it is clear under Prop 64, the only persons authorized to file an action on behalf of the general public are the California Attorney General and certain local public officials. There's a dramatic change in the State law under Prop 64. This counterclaim plaintiff purported to do that. What Prop 64 did was say, you can't do that. No private individual can file that kind of action. Prop 64 also changed the standing. There had to be, has to be actual harm, injury in fact, and a nexus to the alleged wrong. In addition, a class action has to be pled under Section 382 of the Code. Nothing in that complaint does that. We've fully briefed that even if you give any credibility to that, that you cannot aggregate. So now to get through all the issues. First issue, what happened is the district court, after we removed, and we removed the plaintiff, the district court said, this is the first time this case is removable under CAFA. It's the first time that it is purporting to be a class action. Under CAFA, you now can aggregate to $5 million when you have more than 100 members in the putative class. And all of those, none of those things were contested. The district court, however, said that as an absolute rule, you cannot remove if you have more than 100 members in the putative class.  The plaintiffs were originally the plaintiff, and it relies on Shamrock and Southland. The plaintiffs in their motion to remand had basically raised the issue of it was removable back when. So we really didn't have a chance to brief that at that time. The Court ---- Which is why I posed the question, even though I knew what the answer was going to be. Yes, Your Honor. So we have fully briefed, and I want to get to the real nuts of my ---- some nuances of my argument, because as I've reflected on this issue, and I think it's one of great magnitude, changed my thinking a little bit on how the analysis should go. Number one, I think we have given you plenty of case law that indicates that in this jurisdiction, that it only makes sense that we are the defendant. We are the class action defendant. There's no way around that under State law. That's number one. Is that different from Shamrock? It is different from Shamrock, number one. In Shamrock, Your Honor, the proposition there is, A, a narrow construction, number one. Number two, the proposition is that you had a choice in the first instance. And I also think that's true under Southland, where there's a choice going in by the plaintiff. And I think ---- I believe those are the differences, the evolution of time, the breadth, and, if you read closely, this aspect of, well, you made your choice. Well, we made no choice. We had a $5,000 collection act. The CACA has nothing expressly on point. Your argument is based on just the broad congressional intent. Is that correct? Well, Your Honor, in part, we are a cross-complainant defendant. So the term defendant is clearly within the nomenclature of what we are in this case. We are clearly the class-action counter-cross-claimant complainant defendant. That's clear. And if you look at CAFA, I don't think quite candidly, you don't even have to look very closely, it's clear that class actions, which this could not be until the filing of the First Amendment complaint, must be subject to it. All we're asking is for, say, under California law, we're a defendant. We've given you lots of case authority on that that says you are a defendant and a new independent action is commenced under State law when the cross-claim complaint is filed. I cannot say that CAFA says, I think they overlooked it. It's clear that when they talk about a plaintiff class action, we have briefed what that means. That does not mean the word plaintiff. That means a plaintiff class action is in which the plaintiff is a representative of others as opposed to the flip side, a defendant class action in which there is a representative sued supposedly on behalf of other unnamed and unpresent defendants. I think we have to agree that the statutory language doesn't cover this situation. We would have to do it by saying, oh, well, Congress really wanted those class actions in Federal court under all circumstances, and I'm not sure, in my mind, that you've adequately distinguished Shamrock. I understand the problem, Your Honor, and I think it's a difficult one. It is. But I suggest that when the term defendant is used in the terminology, you have to look at the terminology under the State statute, number one, number two, when there clearly is no class action, and the Act does speak of class actions, and when the State law says we are really a defendant in an independent action, it doesn't take much in terms of construction, and it's clear, and there's multiple law, including this circuit, that says it is to be constructed and interpreted and applied liberally and with more breadth. And so what we're saying is that clearly it just takes a modicum of that to say it only makes sense, it only makes sense. The word defendant is in our designation, that is what we are, and times have changed. Southland clearly, in Southland in this circuit, Your Honor, there the case was originally subject to the jurisdiction of the Federal courts in the initial instance as filed, and that's a significant difference. And I think that's true in most, most cases. Roberts. Is it true in Shamrock? I confess, I haven't been thinking in quite these terms, so I haven't looked at the answer. I don't know the answer. But Shamrock does make reference to how it started as an action for damages, in excess of $3,000. Yes. Was there a jurisdictional amount requirement? $3,000 at that time, I believe, Your Honor. $3,000? I believe that's correct, Your Honor. So your impression of Shamrock is essentially they're saying the same thing. Yes. That it should have come to Federal court shows nothing. Yes. And the fact that something comes up later, it's a choice issue. Has anybody, is there any authority that has ever, ever made that distinction with regard to Shamrock? Anybody in the country said, well, Shamrock doesn't apply to this case because we didn't have that option. Not that we can find, Your Honor. I do have a cite, and it is not in our briefs, and I have not tendered it. So I will ask if I can cite it, and quite candidly, it was relatively obscure and found it last night. There's a Texas v. Walker. It's 142 Fed 813. And it's not totally in point, but it certainly suggests that a counterclaim defendant in the right circumstances can remove. It's, the facts are not analogous to this. It's a case, well, I think I'll leave it at that. I think we do have a case of first impression. There's a couple of things I want to point out before I reserve, and I apologize for going so fast. A, it wasn't removable. B, even if you give any credence to the piece of paper that was filed, they had no authority to do that. I wanted to refer to, I've already, I guess I've already done that. It's interesting in their briefing that they say, look, this case really hasn't changed. It was, even if it was commenced, and I suggest that they've pretty much admitted that it was commenced as a new action with the original counterclaim, which is the original cross-complaint. However, they say, well, it really didn't change. That could have been sustained as a class action. In that regard, how do you distinguish the Jensen case that did go from an individual action to a class action, and the Court held that it related back to the filing of the original complaint? Okay, that takes me in a lot of directions, Your Honor. Number one, I'm not sure which case you're referring to. I'm sorry. It's the Hotel Owners Association brought the original claim, and then it was determined that they were not the appropriate party. They didn't have standing, so they amended their complaint to bring the lead. It's a difficult argument on relation back, Your Honor. We don't say they couldn't amend. We're not the issue here is not could they amend to make the class allegations, which they did, in fact, which we stipulated to. The question is, at what point in time did those become effective? The action that they filed, the so-called representative action, is a nullity. And it was post-64. It isn't like the cases that they cite where a representative action was filed under 17-200, then Prop 64 was enacted, and then they were given leave to amend. Well, similarly, in Miss Jensen, the Court held that the plaintiff didn't have standing. Right. Right. But the issue is this. It was still commenced and is a class action fundamentally different from an individual action. All that that original cross complaint could possibly be is an individual action at that point in time. February 17th. It turns into a putative class action after we stipulate to the amendment. But when we go to relation back, I want to say this. Number one, relation back is a statute of limitations concept. It has been used a bit on the commencement side as an analytic tool. But it is not necessary. I do not concede, even though our papers indicate that we may have, that relation back really applies here. If it doesn't apply, how does the amended, what provision in California law would make an amended counterclaim a commencement of an action? Is there something in California law? Yes. We've cited the cases on that, Your Honor. It is the commencement of a class action which is totally different in nature, as we've given your case law on, than the individual action. The invocation of relation back, I would respectfully suggest, is really only appropriate when you have a statute of limitations problem, when there's going to be a forfeiture. And we have cited a case that actually contains that type of analysis. It says the cases under CAFA seem to be using relation back, but as the evolution of the thought process has gone on under CAFA, that may or may not be the proper jumping off point. Because you can't expand or contract federal jurisdiction on the basis of relation back. The existential fact is the class action was filed for the first time long after CAFA, a year and a half. We don't have to take it back to preserve anything. If we take it back under a relation back and say it's not a totally different breed of cat, which clearly a class action is, and the class action is clearly a different breed of cat than the old representative action that could have been done under 17-200 that couldn't be done anymore. The nature, the protections, the elements, the allegations, the proof are entirely different. The damages are different. The fluid recovery theory applies under the UCL in class actions where it did not in the old. But I want to emphasize that something we didn't hit quite so hard, which is that the first representative action is, in essence, a melody. You couldn't do that. I'm over my time. Unless you want to give me a little more time. Roberts. We'll still give you a minute for rebuttal. I appreciate it. Thank you very much. Good morning. May it please the Court. My name is Steve Schutze. I represent the appellee, the cross-complainant, Simon Percadio, in this action. One of the interesting issues in this case is the date the cross-complaint was filed, which was February 17, 2005. That was the date before the Class Action Fairness Act was enacted. It was also, this Court had a decision, Bush v. Cheap Tickets, that arose with the same date, I believe in that case, of the filing of a complaint. But it also involved a 17-200 claim or unfair competition law claim. And in that case, the Court indicated that the provisions of CAFA did not apply because the pleading was filed the day before the enactment. The district court, as this Court knows, relied upon Shamrock Oil in remanding to state court. Shamrock Oil is a United States Supreme Court case. And I'm not aware of any case that has overruled Shamrock Oil. And, in fact, I think Shamrock Oil is binding on this Court since Shamrock Oil is a United States Supreme Court case. No quarrel with the proposition that we're bound by it. The chair's company has raised a couple of distinctions, and could you speak to those, please? Yes. Yes, Your Honor. First of all, I want to answer the question that the Court asked the defense counsel. I think it was removable when the cross-complaint was initially filed on February 17. There's clearly diversity between the parties. If you look at the allegations of the cross-complaint, even if we limit it to the unfair business practices cause of action, paragraph 33 of the original cross-complaint and paragraph 66 of the amended cross-complaint are identical, word for word. And those paragraphs seek the remedies available under that cause of action. There's no change in the remedies sought. Well, what's about the dollar amount? What's that? What about the amount in controversy? Well, the amount in controversy would clearly exceed $75,000 based upon diversity because the same remedies are sought, and Progressive West has conceded that under those remedies, the claim would be worth $5 million. $5 million. There is no – there really is no dispute that the amount in controversy as sought in the cross-complaint would have exceeded $75,000. Well, only if you aggregate. I mean, there's nothing here that indicates that each and every member of the general public that may be part of this claim exceeds $75,000. That's correct. Well, CAFA hasn't kicked in yet. So, I mean, there's a problem here, I think, with regard to saying for sure they could have removed. They can remove, it sounds like, only if you can have aggregation. Well, no, because there are other elements that were sought under the Unfair Business Practice Act, which included attorney's fees, included injunctive relief, which I know is not a monetary, but there was – there was – there were elements that would have brought it above the $75,000 limit. And I think the – Injunctions don't do that. What's that? Injunctions don't do that. I agree. I agree. And particularly since the general public is so ill-defined, if at a point in time you need to have something that you can point to individuals, not just general public and add them all up, you know, I'm not – I'm not so sure. But at the time that the cross-complaint was filed, what the defendants elected to do was instead of seeking removal to the Federal courts, they demurred to the cross-complaint. And at the time the cross-complaint was filed, there were – there was additional causes of action which were – were ultimately, when it was appealed to the State court of appeals, were found not to be proper causes of action. There was breach of contract and the breach of the implied covenant of good faith, and there was allegations for punitive damages. And they chose to litigate those issues in State court. And the State courts have ruled upon those. But those were the allegations that were framed by the cross-complaint when the cross-complaint was filed. And instead of seeking removal to the Federal court at that time, they chose and they elected to – to litigate those issues in State court. But it still begs the question, did they really have the option to go to Federal court via removal in the first place? Absolutely. The fact that they fought in State court doesn't answer that question. No, absolutely. I believe they did have – But so far I haven't heard a theory other than aggregation that gets them there. Well, the allegations of the cross-complaint at that time included punitive damages, included allegations for attorney's fees, included individual claims to Mr. Procato. That would have – would have exceeded the jurisdiction of the Federal court. Well, I'm looking – I'm looking, I think, at what is the document we're talking about, the one – this is the one attached to your supplemental submission. Correct. Can you point me to a paragraph in there that shows that the jurisdictional amount requirement's been satisfied? I can't – I can't point to a specific number. The only thing I can do – A problem? Because the Federal court is supposed to be restrictive on removal. And unless the jurisdictional amount requirement is satisfied, won't the Federal district courts, say, get out of here? That – that question is correct. Unless the jurisdictional amount is satisfied. On the face of the complaint, it's not, is it? There is no monetary amount pleaded in the – in the allegation of the original cross-complaint. Setting that aside, we also get to the – the issue which the court asked for a letter brief, which is when was the original cross – when was the date of commencement of the cross-complaint? And that's assuming we get past the Shamrock Oil issue. The date of the original cross-complaint, I think it's clear under California law, is the date of the initial pleading. That's the date that the original cross-complaint would have been filed. That's the date they use for purposes of statute of limitations. That's the date that they use for purposes of determining their five-year statute to go to trial. They always look at the initial pleading. And the fact that later on, the specific allegations of the class action, and there's no doubt the amended cross-complaint, and I'll concede, is much more detailed in the class allegations than the original cross-complaint. But the original cross-complaint, the date of commencement of the cross-complaint was, in fact, February 17, 2005. But if that couldn't have been removed, doesn't removal turn – I mean, lawsuits filed. Right. Parties are added, so suddenly you've got jurisdiction – or claims are added. Suddenly you've got jurisdiction you didn't have. Right. What matters for removal is when it was that removal was possible, not when the complaint was initially filed. Well, it's our contention that it was originally removable based upon the date of commencement of the action. Fine. Except that we're looking at this pleading and you still haven't told me anything that satisfies the 75,000 Federal question requirement, let alone the 5 million requirement for aggregation. So what is it that makes this particular document removable? Well, I believe that the aggregation does apply in paragraph 33. There's no numbers here. There's no money. There's nothing the Federal court can look at to determine that based on this pleading. But the allegations of the amended cross-complaint are identical in paragraph 66 of the amended cross-complaint and paragraph 33 of this cross-complaint. The remedies sought are identical. So if the amended cross-complaint is, in fact, removable, and in the amended cross-complaint we don't have a $5 million allegation, we just have the same exact paragraphs alleging the same exact remedies that were contained in the original cross-complaint. So if, in fact, the amended cross-complaint is removable, the original cross-complaint was removable because they're based upon the same remedies. There's also, I believe, that the Shamrock Oil case, as relied upon the district court, is also dispositive because although that is a case from 1941, California laws with regard to complaints and cross-complaints and amendments have not changed in over a century. And the fact that the – that they are asserting removal of the cross-complaint is an issue in which either the Congress or the Supreme Court will need to decide. And I believe that this Court is bound by the confines of what the Congress stated as well as what the confines are of the Shamrock Oil case. Progressive has proposed a distinction which it acknowledges it can't cite a case to support, but still offered a distinction saying, look, in Shamrock and in Southland, our subsequent case, the plaintiff who became the defendant for practical purposes made the election to go into State court because it could have satisfied the jurisdictional amount in Federal court and opted not to go there. And it is argued that's not the case here. And with a $5,000 complaint under today's statute, that seems to be true. Now, he couldn't cite any authority in support of that proposition. I don't know if courts have talked about it one way or the other, but can you identify any authority that speaks to the opposite? Or is it just a question that's been sitting out there that nobody's considered before? Well, I think that Shamrock Oil clearly says defendants, and it does not distinguish between cross-claims, but it clearly talks about defendants. But to answer your question specifically, we have not found any cases that have addressed this issue that's before you, that's raised by where the original complaint clearly would not have met the amount and controversy requirement, and then you have a cross-complaint that at least we believe the original cross-complaint did, but I have not seen any case that addresses that issue and distinguishes Shamrock in that way. If there's no other questions from the panel. I grant you a minute. You got it. Okay. I'm going to go back. We have cited ample authority under CAFA that the setting aside the defendant issue, that filing a case initially individually and then converting it to a class action post-CAFA gives jurisdiction. The Plummer case is well-reasoned and suggested can be followed. There is other authority there on that. There's one case down in Eastern District of Arkansas that says not if any, it doesn't matter. It doesn't matter as long as the case, anything about the case existed pre-CAFA, and I just want to alert you to that. The reasoning in that case is not good. It's counterintuitive and it makes no sense. I want to go back to the amount and controversy. There was no reason to even go through the aggregation on the first cross-complaint. That is a nullity as to a representative action. He had no authority to do that. He compounded it and put it in his second, in his amended, and then has the temerity to say, well, look, it's the same. That paragraph 65 in the new cross-complaint is a nullity. This man has no authority to be a private attorney general and sue on behalf of the general public, period. So we don't even have to go into that analysis. But, again, there was nothing on the face of the complaint. I will leave it at that. And thank you for your patience. I've got both counsel for the argument on a case that does appear to be a case of first impression in some respect. This last case in this morning's calendar, we'll take a very brief recess to leave the bench and let the lawyers exit, and then we'll come right back and speak to the students for a few minutes. So we'll see you in a couple of minutes. For this morning, we are recessed.
judges: B. Fletcher, Clifton, Ikuta